## HIGBY a. THE NEW YORK & HARLEM R. R. CO.

*New York Superior Court; General Term, October,* 1858.

### EVIDENCE.—PAYMENT.—RECEIPT.

Receiving the note of an agent in settlement by him of his principal's indebtedness is not in itself payment, even though the agent was at the time largely indebted to the principal, and had charged the principal, on account of that indebtedness, with the amount of the note.

To make the receipt of such note operate as payment, the principal must show that there was an agreement to take it as actual payment.

A receipt in full for the debt, given on the delivery of the note, is not sufficient to establish such an agreement. It is only *prima facie* evidence of such agreement.

Appeal from a judgment entered on the report of a referee.

Stewart & Baylies, the plaintiff's assignors, contracted with the defendants to grade the track of their road at certain prices, payable monthly, upon the estimate of the engineer. Nine estimates had been paid at the offices of R. & G. L. Schuyler, which offices were hired by the Messrs. Schuyler, and the defendants were charged with a portion of the rent, and had their office in one of the rooms thus hired. The office of G. L. Schuyler, as President of the Harlem Company, was in the same office.

Stewart & Baylies, having completed the work upon Estimate No. 10, presented said estimate at the office for payment, where the estimates were uniformly paid. The cashier of R. & G. L. Schuyler told Mr. Baylies that there was not money enough on hand to pay the full amount, and proposed to pay $3186.70 in cash, and to give the note of R. & G. Schuyler at thirty days for the balance, which was $3500. Mr. Baylies said that if the company had not the money he would take a note for the balance, with interest added. The note was given, and at the foot of the Estimate No. 10 the following receipt was given:

" Received, New York, June 27, 1854, from George L. Schuyler, President N. Y. & Harlem R. R. Company, sixty-six hundred and eighty-six dollars and seventy cents. For Estimate No. 10, June 20, 1854. Double Track from Allen's Bridge to White Plains.

" $6686.70.      (Signed)      STEWART & BAYLIES."

The note was protested and has not been paid, and the plaintiffs offered to surrender it to the defendants. This action was brought to recover the unpaid balance of the estimate. The defendants insisted that it was paid by the note, and showed that at the date of the note the Messrs. Schuyler were indebted to the company upwards of $200,000, and that they charged the company with the whole amount of the said receipt.

The cause was tried before a referee, and judgment entered on his report for the plaintiff, and the defendants appealed to the general term.

*C. W. Sandford*, for the appellants.

*Sandford & Emerson*, for the respondent.

By the Court.[*]—Pierrepont, J.—Stewart & Baylies having done their work, the amount claimed in Estimate No. 10 was due. It has not been paid in money, nor has it been released by any formal instrument. The defendants have received the consideration upon which this action is founded, and for it they have paid nothing. The fact that Schuyler charged the Company with this note makes no difference in the present case; he was their debtor to a large amount at the time, and they parted with no new consideration in consequence of such charge.

To make the receipt of Schuyler's note operate as payment *pro tanto*, it was necessary for the defendants to show an agreement to take it as actual payment.

Merely taking it and giving a receipt in full is not alone sufficient to establish such agreement. (Toby *a.* Barber, 5 *J. R.*, 70; Johnson *a.* Weed, 9 *Ib.*, 310; Noel *a.* Murray, 3 *Kern.*, 168.) The facts, therefore, are correctly found by the referee, and he has drawn therefrom a just conclusion of law.

The receipt given did not preclude an inquiry into the agreement actually made, in respect to the terms on which the note was taken, and it follows that what Vandervent said at the time on that point was competent evidence. (Johnson *a.* Weed, *supra*.) The terms of the agreement, if one was made, are to be determined upon a just consideration of what the parties to the transaction said at that time. There was no error in the admission of the evidence.

Judgment must be affirmed, with costs.

---

[*] Present, Bosworth, C. J., Hoffman and Pierrepont, JJ.